UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON,<br><br>        Plaintiff,<br><br>    v.<br><br>D. CUEVAS, et al.,<br><br>        Defendants. | No.  2:21-cv-1873 AC P<br><br><br><br>ORDER |

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  ECF Nos. 1, 5, 6.  This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).  Plaintiff has also filed a request to expedite this matter (ECF No. 7), a request for ruling (ECF No. 9), and a request to file an injunction (ECF No. 10).

      For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted and he will be given an opportunity to amend the complaint.  Plaintiff's various other requests will be denied.

      I.    APPLICATION TO PROCEED IN FORMA PAUPERIS

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 6.  Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II. SCREENING REQUIREMENT

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (brackets added); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (brackets added) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (brackets added) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see, e.g., Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, see Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. THE COMPLAINT

#### A. Overview

Plaintiff brings this action against ten individuals at the California Medical Facility ("CMF"): Warden D. Cuevas; Associate Wardens C. Snelling and J. Garry; Custody Captain V. Martinez; Appeals Coordinator M. Vidales; Sergeant A. Warman, and Correctional Officers H. Williams, B. Brownen, A. Kaden, and B. Williams. ECF No. 1 at 1-4. The complaint presents two claims: (1) retaliation in violation of plaintiff's First Amendment rights, and (2) violation of plaintiff's Fourteenth Amendment rights to due process and equal protection. ECF No. 1 at 5, 15. Both claims arise from the issuance of rules violations reports and the ensuing disciplinary proceedings.

Plaintiff alleges that defendants' conduct caused him several harms. Among other things, he was denied parole; he lost his job as a drug program mentor; and he is unable to get married, have a child, or have family relationships. ECF No. 1 at 5 et seq. Plaintiff seeks compensatory and punitive damages, and injunctive relief (1) requiring the California Department of Corrections and Rehabilitation and the Board of Parole Hearings to provide him with a new parole hearing that does not consider the retaliatory RVRs, and (2) requiring the prison to

accommodate ADA prisoners who live in a dorm and provide designated areas to hang wet clothing and linen. Id. at 18.

### B. Claim One

Plaintiff alleges in sum that defendants Brownen, H. Williams and Kaden filed rules violation reports ("RVRs") in retaliation for a staff complaint that plaintiff had filed against H. Williams and letters he had written to Warden Cuevas complaining about the conduct of Brownen and H. Williams. The complaint alleges more specifically as follows. See ECF No. 1 at 5-14.

Because he has mobility issues, plaintiff is housed with prisoners who wear medical bags that hold urine and feces. In order to afford those individuals privacy to change themselves, they are given privacy sheets. Plaintiff himself was in the habit of hanging a towel at the end of his bed (presumably for privacy, though plaintiff does not explain his own privacy needs); this had been approved by non-defendant correctional officer Wells. When H. Williams and Brownen conducted count, they repeatedly required plaintiff to remove the towel, claiming they were unable to see plaintiff's body. Plaintiff considered this to be sexual harassment.

In February 2021, plaintiff filed a staff complaint against H. Williams. The complaint reported plaintiff's belief that H. Williams was about to issue a retaliatory rules violation report because plaintiff had either threatened to report or had actually reported that she had been sexually harassing him. Three days later plaintiff wrote to Warden Cuevas, reporting that H. Williams and Brownen were sexually harassing him and threatening him with retaliation. Plaintiff was interviewed in response to his letter to the Warden, and was encouraged to use CMF's grievance process.

Shortly thereafter, defendant Brownen issued plaintiff an RVR for disobeying a direct order and for having a sheet hanging at the head of his bunk "without specific authorization to do so." Plaintiff told the defendant officers that he had such authorization, but they told plaintiff they didn't care. Shortly thereafter, defendant Kaden wrote plaintiff up for the same thing (having a "curtain" at the head of his bunk).

On March 14, 2022, plaintiff filed a second staff complaint against H. Williams, and he wrote a second letter to Warden Cuevas stating that he was being targeted by Williams and Kaden

for retaliatory reasons. Cuevas failed to reply, and on March 15, 2022, plaintiff received a third RVR from H. Williams for "disrespect without the potential for violence." Defendant supervisors Cuevas, Snelling, Garry, and Martinez knew of this misconduct because plaintiff told them. However, they chose to do nothing about it.

At the subsequent RVR disciplinary hearing in April 2021, the staff assistant assigned to plaintiff was defendant B. Williams, the brother of defendant H. Williams. During the hearing, defendant Warman denied plaintiff's request to have H. Williams and Kaden present. Thereafter, Warman asked plaintiff to step out of the room while Warman and B. Williams remained there. Minutes later, when plaintiff was asked to return, he was found guilty without explanation. Because of the guilt finding, plaintiff was denied parole for an additional five years, and he lost his good-time credits.

  C. Claim Two

Plaintiff alleges that the defendants "acted in concert" to permit the campaign of sexual harassment and retaliation against him that is described in Claim One, and thereby deprived plaintiff of his due process and equal protection rights to a fair parole hearing. ECF No. 1 at 15-16. Because defendants allowed the retaliatory RVRs and wrongful disciplinary findings to remain in his records, and failed to provide the grievances and staff complaints that showed his innocence, the Board of Parole Hearings issued a 5-year denial. Similarly situated inmates do not receive multiple, retaliatory RVRs months before their parole hearings. Id.

 IV. FAILURE TO STATE A CLAIM

  A. Overall Pleading Defects

The complaint does not clearly identify which defendant did what. There are no specific factual allegations made against many of the named defendants. Both Rule 8 of the Federal Rules of Civil Procedure, which requires a "short and plain statement" of each claim, and the pleading standards that apply specifically to lawsuits under Section 1983, require that plaintiff identify the particular actions of each named defendant that give rise to that person's alleged liability. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 679 (conclusory allegations are insufficient under Rule 8); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (complaint must link each defendant's

actions to the alleged deprivation of rights); Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (same).

Supervisors are not liable for the conduct of those they supervise just because of their general supervisory responsibilities. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (there is no respondeat superior liability under section 1983). Supervisors can be liable only for their personal involvement in a violation of plaintiff's rights or if there is a sufficient causal connection between their supervisory conduct and the violation. Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). The allegations of the complaint are insufficient to support supervisory liability on the part of any defendant.

    B. Claim One:  Retaliation[1]

Among the rights inmates retain upon incarceration is their First Amendment right to file prison grievances. See Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). "Retaliation against prisoners for their exercise of this right is itself a constitutional violation, and prohibited as a matter of 'clearly established law'." Brodheim, 584 F.3d at 1269 (citations omitted). To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff must show that the defendant was aware of plaintiff's prior protected conduct and that the protected conduct was "the 'substantial' or 'motivating' factor" behind the defendant's alleged misconduct. Brodheim, 584 F.3d at 1271.

The facts alleged in the complaint do not support a causal connection between plaintiff's protected conduct and issuance of the RVRs. In other words, the complaint does not demonstrate that the RVRs were issued "because of" plaintiff's staff complaints and letters to the Warden.

---

[1] The heading of Claim One also asserts a violation of plaintiff's Eighth Amendment rights, ECF No. 1 at 5, but plaintiff does not specify a basis for this theory and the factual allegations do not present any apparent Eighth Amendment issue.

1    Plaintiff's allegations in this regard are entirely conclusory, and therefore inadequate.  See Wood
2    v. Yardy, 753 F.3d 899, 905 (9th Cir. 2014) (mere speculation that a defendant acted out of
3    retaliation is not sufficient); Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000)
4    (retaliation claim cannot depend on inference that because one thing followed another, the first
5    caused the second).  To state a claim, plaintiff must provide facts demonstrating that each
6    disputed RVR was issued with knowledge of plaintiff's prior protected conduct, and because of
7    that conduct rather than for a legitimate penological reason.  It is plaintiff's burden to establish
8    the absence of a legitimate correctional goal for the officers' insistence that towels be removed
9    from the end of his bed at count.  See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (plaintiff
10   bears the burden of pleading and proving the absence of legitimate correctional goals for the
11   conduct of which he complains).

                C.  Claim Two:  Fourteenth Amendment

                    1.  Due Process

14       The facts alleged in support of Claim Two address the impact that the RVRs had on a
15   subsequent decision by the Board of Parole Hearings.  The Fourteenth Amendment violations that
16   plaintiff identifies here are denials of due process and equal protection *in the parole review*
17   *process*.  None of the named defendants were directly involved in that process.  The conduct of
18   the named defendants' that is described in the complaint cannot be considered the proximate
19   cause of the Parole Board's decision.  See Mendez v. County of Los Angeles, 897 F.3d 1067,
20   1076-77 (9th Cir. 2018) (discussing proximate cause in § 1983 context).  Even if plaintiff's
21   disciplinary history was a primary reason that he was found unsuitable for parole, that fact would
22   not create a basis for liability on the part of those accused of issuing and endorsing retaliatory
23   RVRs in Claim One.[2]  In sum, the named defendants cannot be held liable for a subsequent
24   decision made by an independent body.

---

[2] Under California law, the Board must consider all relevant, reliable information when determining a prisoner's suitability for parole.  Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016); Cal. Code Regs. tit. 15, § 2281(b)-(c).  A rules violation report is merely *one* of the factors used to shed light on whether a prisoner constitutes a current threat to public safety.  Nettles, 839 F.3d at 935 (citing In re Lawrence, 44 Cal. 4th 1181 (2008)).

7

To the extent that plaintiff intends this claim to address the handling of his staff complaints by the supervisory defendants and the Warden's failure to respond to his letters, he also cannot state a claim for relief. Although prisoners have a constitutional right to file grievances, they do not have a separate constitutional right to a specific prison grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).[3]

To the extent plaintiff means to challenge the disciplinary hearing and resulting finding of guilt—matters discussed in Claim One—he also fails to state a claim. False evidence and erroneous disciplinary findings cannot support a due process claim. See Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997), aff'd without opinion, 168 F.3d 498 (9th Cir. 1999); Freeman v. Rideout, 808 F.2d 949, 951-52 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988). The only due process requirements that apply in the prison disciplinary context are the "some evidence" rule of Superintendent v. Hill, 472 U.S. 445, 454 (1985), and the bare-bones procedural requirements of Wolff v. McDonnell, 418 U.S. 539, 558 (1974). Wolff requires only (1) advance, written notice of the charged violation; (2) an opportunity to prepare for committee appearance; (3) a written statement of fact-finding; (4) the right to present witnesses and evidence where it would not be unduly hazardous to institutional safety; (5) an impartial decision-making body; and (6) assistance if the inmate is illiterate or if issues are complex. Wolff, 418 U.S. at 564-70.

The complaint does not support a Wolff claim. Plaintiff's allegations about the hearing, including that it was conducted by the sibling of one of the officers who had been harassing him and had issued an RVR, suggest that plaintiff felt the hearing was unfair but are insufficient to demonstrate an actual lack of impartiality.

### 2. Equal Protection

"To state a claim under [Section 1983] for violation of the Equal Protection Clause of the

---

[3] Prison grievance procedures are promulgated under California state law and regulations. See Cal. Penal Code § 6030(a); Cal. Code Regs. tit. 15, § 1073(a). Violations of state prison rules and regulations, without more, do not support claims under Section 1983. See, e.g., Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). A prisoner cannot "transform a state law issue into a federal one by merely asserting a violation of due process." Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999) (quoting Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996)).

Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999)). Prisoners are not a suspect class. Glauner v. Miller, 184 F.3d 1053, 1054 (9th Cir. 1999).[4]

Plaintiff's equal protection theory appears to be that he, "like all similarly situated prisoners doing life, is entitled to a parole board hearing that is impartial and fair. This includes information and evidence that is true and not retaliatory in nature." ECF No. 1 at 15. As explained above, plaintiff cannot hold any of the named defendants liable for the actions of the Parole Board. And to the extent that this claim recapitulates the retaliation theory of Claim One, it is redundant and does not independently support relief on equal protection grounds.

Moreover, the complaint fails to identify any conduct by any defendant that was motivated by impermissible animus. Plaintiff alleges summarily in another portion of the complaint that he, a Black man, was targeted by three white women; he asserts that he has been the victim of racism and favoritism. ECF No. 1 at 12 (facts in support of Claim One). Conclusory allegations regarding discriminatory intent fail to support relief. A liberal interpretation of a pro se civil rights complaint may not supply essential elements of a claim that were not initially pled. Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014). To the extent that plaintiff intends to base an equal protection claim on an allegation of racism, he fails to state a claim because there are no facts demonstrating racial motivation on the part of any defendant.

V.   LEAVE TO AMEND

Because plaintiff may be able to allege facts and/or provide information to remedy the deficiencies of the complaint, he will be given the opportunity to amend.

When amending the complaint, plaintiff must demonstrate how the actions about which he

---

[4] Additionally, parole consideration is not a fundamental right that requires a higher level of scrutiny. Mayner v. Callahan, 873 F.2d 1300, 1302 (9th Cir. 1989). Therefore, any equal protection review of parole determinations is subject to the rational basis test. Moreover, as noted above, plaintiff cannot challenge the parole decision itself in a lawsuit about the allegedly retaliatory RVRs.

complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must identify each defendant by name and with specificity as well as allege in specific terms how each one is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See Arnold, 637 F.2d at 1355; Johnson, 588 F.2d at 743. Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268 (citations omitted) (brackets added).

At the same time, however, the federal rules contemplate brevity. Specifically, the amended complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.   REQUESTS TO EXPEDITE AND FOR RULING

Plaintiff's motions to expedite (ECF No. 7) and for a ruling (ECF No. 9) both ask that this case be given priority and decided on the merits quickly. One motion is based on the availability of a corroborating witness; the other states that plaintiff has identified a witness who remembers
////

the purported retaliatory incident with specificity. It is unclear whether the witness referenced in each motion is the same person.

These motions must be denied for several reasons. First, there is no complaint before the court that states a claim for relief and is suitable to be served. Accordingly, the case is not ready to be scheduled and the motions are therefore premature. Second, plaintiff provides no legal basis for putting this case on a scheduling "fast track," and the court is aware of none. Third, the availability of witness testimony does not support special treatment for this case. Parties who wish to preserve witness testimony generally obtain sworn written statements, which do not require court permission or court involvement of any kind. Obtaining voluntary witness statements is not party discovery and need not await a Discovery and Scheduling Order. Like any other litigant, plaintiff is free to seek such statements and keep them for future use.[5] For all these reasons, plaintiff's motions will be denied.

## VII.  REQUEST TO FILE INJUNCTION

Plaintiff has filed a document captioned "Notice of Request and Declaration in Support of Filing Injunction," ECF No. 10, which appears to seek leave to file a motion for injunctive relief. The request alleges that unspecified prison staff are failing to protect plaintiff from another inmate who poses a danger to him. Plaintiff states that the inmate, who has a documented history of assaults on other prisoners, attacked him on August 2, 2022, and may attack him again.

While undoubtedly serious, plaintiff's concerns cannot be addressed in the context of this case. The matters presented in the request to file an injunction appear to have nothing to do with the claims plaintiff is attempting to pursue in this action. To the extent plaintiff seeks relief for the August 2, 2022 incident or officials' ongoing failure to protect his safety, he must file a separate action. Any motion for injunctive relief must be sought in such a case. It cannot be pursued here, because there is no nexus between the desired injunction and the matters plaintiff presented in the complaint screened above.[6]

---

[5] Witness statements and other evidence should not be filed with the court unless and until they are needed to support or oppose a motion, or their submission is ordered by the court.
[6] Because plaintiff's failure to protect allegations are factually independent of the retaliatory RVRs giving rise to the claims presented in this case, it appears that a failure to protect claim

Indeed, because all claims are being screened out with leave to amend, there is currently no underlying cause of action over which this court may exercise jurisdiction. An application for an injunction therefore may not be entertained, even if it related to the claims plaintiff was trying to bring. See Sires v. State of Washington, 314 F.2d 883, 884 (9th Cir. 1963); see also, generally, City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); O'Shea v. Littleton, 414 U.S. 488, 493-96 (1974). The request at ECF No. 10 must therefore be denied.

## VIII.   PLAIN LANGUAGE SUMMARY FOR A PRO SE LITIGANT

Your request to proceed in forma pauperis is granted, and you will not have to pay the filing fee all at once. The court has screened your complaint and finds that it does not state a claim for relief. The complaint will not served, but you may file an amended complaint that tries to fix the problems described in this order.

To state a First Amendment claim for retaliation, you must clearly identify each action that you consider to be retaliatory and who committed each action. As to each retaliatory act, you must provide *facts* (not just your belief) showing that the person knew about your staff complaint(s) or letter(s) to the Warden, and acted because of that and not for another reason.

To state an equal protection claim against any defendant, you must state *facts* (not just your belief) showing that the person acted with discriminatory intent such as a racist motivation. If you are trying to state a due process claim regarding your disciplinary hearing, you must state *facts* showing that the decision-maker was not impartial or that some other Wolff requirement was violated. You cannot base a claim against these CMF defendants on what the Parole Board did, even though you think the Parole Board based its decision on the retaliatory RVRs. You also cannot base a due process claim on how your inmate appeals or staff complaints were handled.

If you choose to amend your complaint, follow the instructions provided above. Be sure to clearly identify who did what to violate your rights. Remember that supervisors can be liable only for violations they participate in or otherwise cause; they can't be sued for things that other people did.

---

could not be successfully added to this case by amendment. See Fed. R. Civ P. 19(a); Fed. R. Civ. P. 20.

1 Your motions to expedite and rule on the case are denied. Your motion for leave to seek an injunction is also denied. At this point there is no complaint before the court that states a claim and can support litigation of any issues. Also, the safety concerns you expressed in your request to file an injunction are not related to this case. To seek relief for those issues, you must file a separate lawsuit.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send plaintiff a copy of this court's Civil Rights Complaint By A Prisoner form;

2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is GRANTED;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

4. Within thirty days from the date of this order, plaintiff shall file a first amended complaint;

5. To reduce copying costs, plaintiff may request in writing that the exhibits he has already filed (ECF No. 5) be attached to the amended complaint;

6. Plaintiff's request to expedite the case (ECF No. 7) is DENIED;

7. Plaintiff's request for ruling (ECF No. 9) is DENIED; and

8. Plaintiff's request to file an injunction (EF No. 10) is DENIED.

DATED: August 24, 2022

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE