UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN X. SINGLETON, | No. 2:21-cv-01873 DAD AC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| D. CUEVAS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

I.   Statutory Screening of Prisoner Complaints

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

II.   Amended Complaint

Plaintiff is a disabled inmate who lives in a dorm at the California Medical Facility

1

("CMF"). He brings this action against ten employees at CMF including the warden, associate wardens, an appeals coordinator, and four correctional officers. The amended complaint presents the same retaliation and Fourteenth Amendment due process and equal protection claims presented in the original complaint. Liberally construing plaintiff's claims, the amended complaint also challenges plaintiff's conditions of confinement in a dorm for disabled inmates.

The majority of the amended complaint concerns three separate Rule Violation Reports ("RVRs") that plaintiff received for hanging up his wet towel at the end of his bunk in order to dry. Plaintiff first asserts that these RVRs were retaliatory because they were issued after plaintiff submitted a staff complaint and wrote a letter to the prison warden. These RVRs were also issued by Caucasian female correctional officers who are named as defendants. Plaintiff is African American and was issued RVRs when Caucasian inmates who had items hanging on their bunks did not receive a write-up. Plaintiff alleges that these defendants discriminated against him based on his race and violated the due process and equal protection clauses. In a separate claim, plaintiff asserts a due process and equal protection claim on grounds that prisoners housed in other areas are able to "hang wet items up, including their towels, without being disciplined." ECF No. 14 at 19-20.

By way of relief, plaintiff seeks compensatory and punitive damages, a drying rack to hang his clothing, and privacy accommodations for ADA inmates housed in the dorm.

### III.   Failure to State a Claim

After conducting the required screening, the undersigned finds that plaintiff fails to state a claim against supervisory defendants Cuevas, Snelling, Garry, and Martinez. The court's prior screening order explained that there is no supervisory liability in § 1983 cases. ECF No. 11 at 5-6. Despite being provided the relevant legal standards, plaintiff continues to name these defendants based on their supervisory roles only. Accordingly, he does not state a claim against these defendants.

Regarding the retaliation claims, the facts alleged in the amended complaint do not support a causal connection between the grievances and letter that plaintiff wrote and the issuance of the RVRs. To state a claim, plaintiff must provide facts demonstrating that each

disputed RVR was issued with knowledge of plaintiff's prior protected conduct, and because of that conduct, rather than for a legitimate penological reason. As plaintiff was previously advised, it is plaintiff's burden to establish the absence of a legitimate correctional goal for the officers' insistence that towels be removed from the end of his bed. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (stating that plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains). Plaintiff's conclusory assertions are not sufficient to link the RVRs to any protected conduct.

The Fourteenth Amendment due process claim against defendant Warman does not state a claim for relief based solely on plaintiff's inability to ask the officers who authored the RVRs if plaintiff had been given permission to hang his towel on his bunk. The only due process requirements that apply in the prison disciplinary context are the "some evidence" rule of Superintendent v. Hill, 472 U.S. 445, 454 (1985), and the bare-bones procedural requirements of Wolff v. McDonnell, 418 U.S. 539, 558 (1974). Even Wolff recognizes that a prisoner's right to call witnesses and present evidence at a disciplinary hearing may be restricted. Wolff, 418 U.S. at 566 (recognizing that there must be a balance between "the inmate's interest in avoiding loss of good time against the needs of the prison, and some amount of flexibility and accommodation is required."). Here, the claim is based on defendant Warman's failure to provide a written reason for denying plaintiff's request to ask the reporting officers a question. ECF No. 14 at 12. However, the Supreme Court made clear in Wolff that due process does not require a disciplinary fact finder to state its reason for refusing to call a witness. Id. (emphasizing that "we stop short of imposing a more demanding rule with respect to witnesses and documents."). Accepting the facts in the amended complaint as true, it does not state a due process claim.

With regard to plaintiff's equal protection claim, plaintiff's conclusory assertion that the RVRs must be based on his race are not supported by any facts in the amended complaint. Indeed, the amended complaint is contradictory in nature because it first asserts that defendants' conduct in charging plaintiff with the RVRs was based on his filing of grievances and not on his race. A liberal interpretation of a pro se civil rights complaint may not supply essential elements of a claim that were not initially pled. Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014).

1  Therefore, the undersigned finds that plaintiff's allegations do not state a Fourteenth Amendment
2  equal protection claim.
3        Although plaintiff asserts a separate equal protection claim based on the provision of basic
4  necessities in other areas of the prison outside of the ADA dorm, the court finds that this is
5  properly construed as an Eighth Amendment challenge to the conditions of his confinement.  In
6  order for a prison official to be held liable for unconstitutional conditions of confinement, the
7  prisoner must allege facts that satisfy a two-prong test.  Peralta v. Dillard, 744 F.3d 1076, 1082
8  (9th Cir. 2014) (citing Farmer, 511 U.S. at 837).  The first prong is an objective prong, which
9  requires that the deprivation be "sufficiently serious."  Lemire v. Cal. Dep't of Corr. & Rehab.,
10  726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834).  In order to be sufficiently
11  serious, the prison official's "act or omission must result in the denial of the 'minimal civilized
12  measure of life's necessities."  Lemire, 726 F.3d at 1074.  The objective prong is not satisfied in
13  cases where prison officials provide prisoners with "adequate shelter, food, clothing, sanitation,
14  medical care, and personal safety."  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting
15  Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)).  Extreme deprivations are required to
16  make out a conditions of confinement claim, and only those deprivations denying the minimal
17  civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth
18  Amendment violation.  Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992).
19  The circumstances, nature, and duration of the deprivations are critical in determining whether the
20  conditions complained of are grave enough to form the basis of a viable Eighth Amendment
21  claim.  Johnson v. Lewis, 217 F.3d at 731.  The amended complaint challenges the lack of a
22  drying rack for wet towels in the ADA dorm.  The undersigned concludes that this is not a
23  sufficiently serious deprivation to meet the first prong of an Eighth Amendment claim based on
24  the conditions of plaintiff's confinement.
25        To the extent that plaintiff raises a First Amendment denial of access to the courts claim
26  against Appeals Coordinator Vidales, the court finds that the allegations do not state a cognizable
27  claim for relief.  Plaintiff has a constitutional right of access to the courts and prison officials may
28  not actively interfere with his right to litigate.  Silva v. Vittorio, 658 F.3d 1090, 1101-02 (9th Cir.

2011). However, to state a viable claim for relief, plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 349 (1996). The amended complaint alleges that plaintiff's grievance was misplaced or not processed by defendant Vidales in order to cover up staff misconduct. The amended complaint also indicates, however, that plaintiff filed an appeal about the lost grievance which was granted. As a result, plaintiff's lost grievance was eventually processed and responded to by appeal administrators on the merits. Therefore, plaintiff does not state a viable First Amendment access to courts claim because there is no resulting injury that can be established.

For all these reasons, the undersigned concludes that plaintiff does not state a claim for relief for which relief may be granted. 28 U.S.C. § 1915A(b)(1).

### IV. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide. Given the additional facts provided by plaintiff in the amended complaint, it does not appear that further amendment would result in a cognizable claim. As a result, leave to amend would be futile and the complaint should be dismissed without further leave to amend.

### V. Plain Language Summary of this Order for a Pro Se Litigant

The additional facts provided in your amended complaint do not state any claim for which the court can grant relief. It is being recommended that your complaint be dismissed without leave to amend because it does not appear to the court that any of the asserted First, Eighth, or Fourteenth Amendment claims rise to the level of a constitutional violation.

If you disagree with this recommendation, you have 14 days to explain why it is not the

5

correct result. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will review the matter and make the final decision.

## CONCLUSION

Accordingly, IT IS RECOMMENDED that the first amended complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 15, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE