UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN X. SINGLETON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. CUEVAS, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-01873-DAD-AC (PC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING FIRST AMENDED COMPLAINT</u><br><br>(Doc. No. 18) |

　　　　Plaintiff Kevin X. Singleton is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On October 8, 2021, plaintiff filed his complaint against ten individuals at the California Medical Facility presenting claims for retaliation in violation of his First Amendment rights and violation of his Fourteenth Amendment rights to due process and equal protection.  (Doc. No. 1.)  On August 24, 2022, the assigned magistrate judge screened plaintiff's complaint and found that plaintiff had failed to state a claim under 42 U.S.C. § 1983.  (Doc. No. 11.)  In particular, the magistrate judge noted that plaintiff failed to:  (1) identify which defendant did what; (2) sufficiently allege supervisory liability on the part of any defendant; (3) allege a causal

1

1  connection between plaintiff's protected conduct and the issuance of rules violation reports;
2  (4) make allegations demonstrating a lack of impartiality at plaintiff's disciplinary hearing; and
3  (5) identify any conduct by any defendant that was motivated by impermissible animus.  (Doc.
4  No. 11 at 5–9.)  Accordingly, on August 24, 2022, the assigned magistrate judge ordered plaintiff
5  to file a first amended complaint ("FAC") within thirty days.  (*Id*. at 13.)

6  On September 30, 2022, plaintiff filed his FAC against the same ten individuals and
7  asserted his same retaliation, due process, and equal protection claims.  (Doc. No. 14.)  On March
8  18, 2024, the assigned magistrate judge screened plaintiff's FAC and found that, liberally
9  construed, plaintiff also added an Eighth Amendment challenge to the conditions of his
10 confinement.  (Doc. No. 18 at 2, 4.)  However, the magistrate judge also found that plaintiff had
11 still failed to:  (1) state a claim against any of the supervisory defendants; (2) allege facts
12 supporting a causal connection for the retaliation claims; (3) state a due process claim; (4) allege
13 facts supporting an equal protection claim; and (5) allege a sufficiently serious deprivation as
14 required for an Eighth Amendment claim.  (*Id*. at 2–4.)  Accordingly, the magistrate judge issued
15 findings and recommendations recommending that the FAC should be dismissed in its entirety for
16 failure to state a claim.  (*Id*. at 6.)  The pending findings and recommendations were served on
17 plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21)
18 days after service.  (*Id*.)  To date, no objections have been filed, and the time in which to do so
19 has passed.

20 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
21 *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the
22 findings and recommendations are supported by the record and proper analysis.

23 Accordingly,

24 1. The findings and recommendations issued on March 18, 2024 (Doc. No. 18) are
25 adopted in full;

26 /////
27 /////
28 /////

2

2. Plaintiff's first amended complaint is dismissed for failure to state a claim without leave to amend; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **May 1, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3